**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**OMAR FRANCIS**

                    **v.**                        **C.A. NO. 15-181**

**KENNETH R. CAMERON**

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                      **FEBRUARY 17, 2023**

      On May 12, 2010, Petitioner, a citizen of Jamaica, pleaded guilty in the Court of Common Pleas for Philadelphia County to rape, endangering the welfare of a child, and corrupting the morals of a minor. The case arose out of Petitioner's rape of his wife's thirteen-year-old granddaughter. In exchange for his plea, the Commonwealth agreed to recommend a sentence of seven to fourteen years incarceration, which was lower than the mandatory minimum. As recommended in the guilty plea agreement, Petitioner received a sentence of seven to fourteen years. Althia Bennett, Esq., represented Petitioner at and prior to his guilty plea hearing. Petitioner did not file a direct appeal or a motion to withdraw his plea.

      On December 17, 2010, Petitioner filed a *pro se* petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"). Counsel was appointed, and Petitioner filed an amended petition in which he argued, pursuant to the Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010),[1] that his guilty plea had been unknowing and

---

[1] In *Padilla*, the Supreme Court held that an attorney's failure to advise a non-citizen client about the immigration consequences of a guilty plea amounts to deficient performance.

1

involuntary, because plea counsel had been ineffective in failing to inform him that he would be deported to Jamaica after he served his sentence. The PCRA petition was dismissed without a hearing on June 14, 2013. The Pennsylvania Superior Court denied Francis's appeal in his PCRA petition on March 31, 2014. The Pennsylvania Supreme Court denied allowance of appeal.

Petitioner subsequently filed a Petition for a Writ of Habeas Corpus in this Court. Petitioner again argued that his plea counsel was ineffective in failing to inform him that he would be deported after the completion of his sentence. The Petition was referred to United States Magistrate Judge Jacob P. Hart[2] for a Report and Recommendation. Following a thorough evidentiary hearing during which testimony was received from Attorney Bennett and the Petitioner, Magistrate Hart found Attorney Bennett's testimony to be more credible and recommended that the Petition be denied.[3] Following review of Petitioner's Objections, this Court approved and adopted the Report and Recommendation, denied the Petition for a Writ of Habeas Corpus and found there was no basis for the issuance of a certificate of appealability [ECF 34]. Our Court of Appeals subsequently denied the Petitioner's request for a certificate of appealability [ECF 35]. The United States Supreme Court denied *certiorari* 137 S.Ct. 1101 (2017). Presently

---

[2] Magistrate Hart has since retired.
[3] Attorney Bennett testified that most of her clients were immigrants from Jamaica, the Dominican Republic and Africa. [ECF 22 at 7]. She testified that she knew Petitioner and his family prior to his arrest, because she had represented them in other matters. She testified that she primarily discussed deportation with the Petitioner and his family because the issue was of such concern to the family. *Id*. at 8 She testified that deportation was "at the forefront of everything." *Id*. at 12. Bennett further testified that she informed the Petitioner that "every single charge here is a deportable offense" and "if you don't believe me . . . I would suggest you speak to an immigration attorney. . . ". *Id*. at 13.  Finally, Bennett testified that Petitioner asked her "when would the deportation occur" and whether "he was going to get deported immediately of if it was going to be after the sentence." *Id*. at 16-18.  On the other hand, Petitioner simply testified that counsel had not discussed with him the immigration consequences of a conviction in his case at any time. *Id*. at 28-30.

before the Court is the Petitioner's motion for relief under Rule 60(b)(3) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is denied.

Rule 60(b)(3) provides that the court may reopen a judgment due to "fraud …, misrepresentation, or misconduct by an opposing party."

Petitioner claims that his father was scheduled to appear and testify on his behalf at an evidentiary hearing before Magistrate Hart on December 1, 2015. Petitioner contends that his father appeared at the Courthouse on that day but was "sent home by court personnel being told the hearing was postponed." [ECF 37, at p 4]. Petitioner contends that although the hearing proceeded on December 3, 2015, his father did appear because he had not received notice from the Court of the new date. Over 18 months later, on July 6, 2017, Petitioner's father swore to an affidavit in which he averred that "although we all determined that a plea was in his best interest, at no time was there any discussion of either my son being deported of the possibility of being departed [sic]." Affidavit of Hemsley Francis [ECF 37 at p. 6].

In the first instance, Rule 60(c)(1) specifically states that a motion pursuant to Rule 60(b)(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." "'The one-year time limit is not extended by the maintenance of an appeal.'" *Hancock Industries v. Schaeffer*, 811 F.2d 225, 239 (3d Cir. 1987) (citation and internal quotation marks omitted). Here, this Court denied the Petition for a Writ of habeas Corpus on June 10, 2016. However, Petitioner did not file his motion under Rule 60(b)(3) until August 9, 2017, almost 14 months later. Therefore, the Petition is denied as untimely.

In the second instance, Rule 60(b)(3) only applies to fraud, misrepresentation, or misconduct by an **opposing party**. Petitioner does not allege any fraud, misrepresentation or misconduct by the Commonwealth of Pennsylvania. Rather, he alleges that court personnel neglected to inform his father of the date of the new evidentiary hearing. Therefore, Rule 60(b)(3), by its own terms, is not applicable.

Finally, even if the Court were to construe the motion under the "catch-all" provision of Rule 60(b)(6), the motion would still be denied. Rule 60(b)(6) provides that "the court may relieve a party . . .from a final judgment, order, or proceeding" for "any other reason that justifies relief." Our Court of Appeals  has consistently held that Rule 60(b)(6) provides "extraordinary relief" that is only available in "exceptional circumstances." *Coltec Indus., Inc. v. Hobgood,* 280 F.3d 262, 273 (3d Cir. 2002).

In this case, given the strength of Attorney Bennet's testimony at the evidentiary hearing contrasted with Petitioner's own testimony, the absence of any testimony from Petitioner's father is simply not an "extraordinary circumstance" that justifies reopening the case. The Court notes that Petitioner's father did not swear to an affidavit until 18 months (July 6, 2017) after the evidentiary hearing was held on December 3, 2015. (ECF No. 37, 6.) Presumably, if Petitioner's father was upset at having missed the evidentiary hearing and indeed had critical testimony to offer concerning the deportation issue, he would have filed the affidavit immediately after he learned that he had missed the hearing.